UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

  vs.

JOHN SEBASTIAN QUINTERO-HERRERA,
WILLIAM DAVID VILLARRAGA-JOYA,
WENDY VANESSA ACOSTA-AREVALO, and
PAUL JEFERSON MENDOZA-AREVALO,

        **INDICTMENT**

        Defendants.
_____/

The Grand Jury charges:

**(Interstate Transportation of Stolen Property)**

Between about December 6, 2024, and December 7, 2024, in Kent County, in the Southern Division of the Western District of Michigan and elsewhere,

**JOHN SEBASTIAN QUINTERO-HERRERA,
WILLIAM DAVID VILLARRAGA-JOYA,
WENDY VANESSA ACOSTA-AREVALO, and
PAUL JEFERSON MENDOZA-AREVALO,**

and others unknown to the grand jury, unlawfully transported, transmitted, and transferred in interstate commerce from Grand Rapids, Michigan to Los Angeles, California and New York, New York, stolen goods, wares, merchandise and money, that is, cash, jewelry, and property, of the value of $5,000 or more, knowing the same to have been stolen.

**18 U.S.C. § 2314**
**18 U.S.C. § 2**

## FORFEITURE ALLEGATION
(Interstate Transportation of Stolen Property)

The allegations contained in this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c).

Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), upon conviction of the offense in violation of 18 U.S.C. § 2314 set forth in this Indictment, Defendants,

**JOHN SEBASTIAN QUINTERO-HERRERA,
SWILLIAM DAVID VILLARRAGA-JOYA,
WENDY VANESSA ACOSTA-AREVALO, and
PAUL JEFERSON MENDOZA-AREVALO,**

shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

1. MONEY JUDGMENT: A sum of money equal to at least $266,369, which constitutes or is derived from proceeds traceable to the offense charged in this Indictment.

2. SUBSTITUTE ASSETS: If any of the property described above, as a result of any act or omission of Defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c).

**18 U.S.C. § 981(a)(1)(C)**
**21 U.S.C. § 853(p)**
**28 U.S.C. § 2461(c)**
**18 U.S.C. § 2314**

A TRUE BILL

\_\_\_[ /s/ Redacted ]\_\_\_
GRAND JURY FOREPERSON

ANDREW BYERLY BIRGE
Acting United States Attorney

\_\_/s/_____
DANIEL Y. MEKARU
Assistant United States Attorney